ST. PAUL STEAM LAUNDRY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5961. Promulgated March 16, 1927.

The value, if any, of intangible assets acquired for stock held not established by the evidence.

*Frank W. Wilson, Esq.*, for the petitioner.
*Henry Ravenel, Esq.*, for the respondent.

This is a proceeding for the redetermination of deficiencies in income and profits taxes for the calendar years 1920 and 1921, in the amounts of $660.43 and $670.95, respectively. The deficiencies arise from the action of the respondent in excluding from invested capital an amount claimed by the petitioner to represent good will acquired for stock.

### FINDINGS OF FACT.

The petitioner is a South Dakota corporation, having its principal place of business in St. Paul, Minn. It was incorporated September 24, 1915, for the purpose of taking over the laundry business of William B. Webster who had, from about 1900 until the time of his death, conducted the business as an individual. Webster died in April, 1915, and the laundry business was transferred by the administratrix of his estate in exchange for all the capital stock, which was later distributed to the heirs of Webster according to their interest in the estate.

The tangible assets, according to the books, amounted to $34,915.32 at the time the business was transferred to the corporation. Stock of the par value of $50,000 was issued to the administratrix in exchange for the laundry business, including tangible assets and such good will as the business had.

The earnings for the calendar year ended December 31, 1911, were $15,296.60; for the calendar year ended December 31, 1912, they were $12,774.93; for the period from January 1 to July 31, 1915, they were $3,671.95. No competent evidence was offered as to the earnings for the years 1913 and 1914.

The gross earnings for the calendar year ended December 31, 1911, were $70,034.01; for the twelve months ended December 31, 1912, they were $68,389.65, and for the seven-month period ended July 31, 1915, they were $45,225.36.

The net earnings subsequent to the organization of the corporation up to December 31, 1921, were as follows:

| Year ended Dec. 31. | Amount. |
|---|---|
| 1915 (five months) | $1,863.73 |
| 1916 | 7,096.77 |
| 1917 | 8,044.67 |
| 1918 | 400.51 |
| 1919 | 1,504.86 |
| 1920 | 7,257.51 |
| 1921 | 10,038.33 |
| Total | 35,405.36 |

The tangible assets used in the business, averaged over the period from the time of the organization of the corporation to the close of 1921, were $33,561. The average annual earnings were $5,389.80.

OPINION.

TRAMMELL: If the petitioner acquired good will for stock at the time of its organization, or at any other time, it is entitled to include the value thereof, subject to the statutory limitations, in its invested capital. The question then is, What was the value, if any, of the good will acquired?

There is testimony as to the earnings during a portion of the period prior to the organization of the corporation. For a portion of the period no competent testimony was offered with respect thereto. The petitioner sought to establish the earnings for 1913 and 1914 by the testimony of a witness without competent records and whose testimony depended upon recollections. It was shown, however, that he was not present during a portion of those two years. Nor was any testimony introduced as to what the tangible assets were during any period prior to the organization of the corporation, except on the day when the assets were transferred to the corporation. The tangible assets might have been greater or less during the period when the earnings were made in prior years. We can not assume that they remained constant.

It is to be noted, also, that the earnings for 1915, immediately prior to the organization of the corporation, were considerably less than in the earlier years. During the first year of the operation of the corporation the earnings were smaller than at any other period.

While subsequent earnings may be considered of evidentiary value for the purpose of corroborating the value of intangible assets established by prior earnings and by other evidence, such testimony alone can not be the basis of a determination as to the value of intangible assets.

The respondent has determined that the petitioner did not acquire good will of value for stock and from the testimony introduced we are unable to determine that the respondent was in error in that respect.

*Judgment will be entered on 15 days' notice, under Rule 50.*